IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMELA MCQUEEN, | ) | Case No.: 4:25-cv-11858-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| THE HARNISH GROUP, LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment-discrimination action is before the Court with the Report and

Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers,

III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of

the District of South Carolina (DE 29).[1] Plaintiff alleges a hostile work environment,

sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act, 42

U.S.C. § 2000e. (DE 1.) Defendant moves under Rule 12(b)(6) to dismiss the

Complaint. (DE 7.) The Report recommends that the motion be granted. (DE 29.)

Plaintiff filed objections, and Defendant filed a reply. (DE 31; DE 32.)

Having carefully reviewed the Report, Plaintiff's objections, the record, and

applicable law, the Court adopts the Report and grants Defendant's Motion to

Dismiss. (DE 29.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards which the Court incorporates without a complete recitation. The Court provides this summary as a brief background.

### A.    Factual Background

Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 14, 2024, and the EEOC issued a Determination of and Notice of Rights by electronic mail on April 21, 2025. (DE 7-1.) This Determination and Notice of Rights letter advised Plaintiff that she had 90 days from receipt of that letter to file her lawsuit, as the EEOC had determined that there was no reasonable cause to believe the charge is true. (DE 29 at 3–4.) Plaintiff then filed her complaint in the Horry County Court of Common Pleas on July 23, 2025, two days after the 90-day limitations period expired. (*Id.* at 5.)

### B.    Procedural Background

Plaintiff, proceeding pro se, filed her initial Complaint in the Horry County Court of Common Pleas on July 23, 2025, and Defendant subsequently filed a Notice of Removal on September 2, 2025. (DE 1.) Defendant then filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 7, 2025. (DE 7.) Plaintiff filed two responses on September 15, 2025, and October 12, 2025. (DE 10; DE 12.) Defendant filed a Reply. (DE 16.) This matter was then referred to the Magistrate Judge for a Report and Recommendation. (DE 29.) The Report was filed on April 13, 2026. (*Id.*) Plaintiff filed her objections on April 24, 2026, (DE 31), and Defendant filed its Reply on May 4, 2026, (DE 32).

## II.     REPORT AND RECOMMENDATION

On April 13, 2026, the Magistrate Judge issued the Report, recommending that Defendant's Motion to Dismiss be granted and that this case be dismissed in its entirety. (DE 29 at 6.)

The Report concluded that Plaintiff's Title VII claims were untimely because Plaintiff did not file suit within the 90-day limitations period following receipt of the EEOC's Determination and Notice of Rights. (*Id.* at 4.) The Report found that the EEOC uploaded the Determination and Notice of Rights to its portal on April 21, 2025, and emailed Plaintiff that same day, notifying her that the letter was available for viewing and download. (*Id.* at 2, 5.) Relying on decisions from courts within the Fourth Circuit, the Report determined that, when a right-to-sue notice is sent electronically, the 90-day filing period begins when the email notice is delivered to the plaintiff's inbox. (*Id.* at 4–5.)

Applying that rule, the Report determined that the limitations period began on April 21, 2025. Ninety days from that date fell on Sunday, July 20, 2025, making Monday, July 21, 2025, the filing deadline. (*Id.* at 5.) Because Plaintiff filed her Complaint in state court on July 23, 2025, the Report concluded that she filed two days late. (*Id.*) The Report further noted that Plaintiff's responses to Defendant's motion addressed the merits of her claims but did not dispute the timeliness evidence. (*Id.*)

In ruling on the Motion to Dismiss pursuant to Rule 12(b)(6), the Report stated that a court may consider EEOC documents referenced in or integral to the

Complaint, including the right-to-sue notice and related charge documents, without converting the motion into one for summary judgment. Accordingly, the Report recommended granting Defendant's Motion to Dismiss and dismissing the case in its entirety.[2] (*Id.* at 6.)

### III.     LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.     PLAINTIFF'S OBJECTIONS

---

[2]     As a general matter, Title VII's charge-filing requirement is a processing rule where the failure to properly file within the statutory period may be challenged as a failure to properly place before the Court claims for which relief can properly be granted. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 549–52 (2019).

Plaintiff filed her objections to the Report on April 24, 2026. (DE 31.) Plaintiff's objections largely address the merits of her Title VII claims. She asserts that she stated plausible claims for sexual harassment, retaliation, and disparate treatment; that her retaliation claim is supported by close temporal proximity; that her pro se pleadings should be liberally construed; that she exhausted administrative remedies and received a right-to-sue notice; and that discovery is needed because relevant evidence remains in Defendant's control. (*Id*. Sections II–VI.) These objections do not directly address the Report's dispositive conclusion that Plaintiff failed to file this action within Title VII's 90-day limitations period.

Plaintiff's objections most directly bearing on the Report's timeliness analysis are her assertions that equitable tolling should apply, that she acted diligently, and that dismissal with prejudice would be too harsh. (*Id*. Sections VII–IX.) Plaintiff states that she "retained counsel, relied on representation, and filed promptly after learning she could proceed pro se," that "[a]ny delay was minimal and justified," and that she actively pursued her claims through EEOC proceedings, mediation preparation, and filing in state court. (*Id*.) To that end, the Court considers whether Plaintiff has shown a basis to equitably toll Title VII's 90-day filing period and excuse her filing of this action two days after the deadline prescribed by 42 U.S.C. § 2000e-5(f)(1).

As the Report explains, the EEOC notified Plaintiff by email on April 21, 2025, that the Determination and Notice of Rights was available for viewing and download.

(DE 29 at 5.) The 90-day period, therefore, expired on Monday, July 21, 2025, and Plaintiff filed suit on July 23, 2025. (*Id.*)

Equitable tolling is available only in limited circumstances. The Fourth Circuit has instructed that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). As such, the circumstances under which equitable tolling have been permitted are quite narrow. *Chao v. Virginia Dept. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002). Equitable tolling has been allowed where the claimant was prevented from asserting her claims by wrongful conduct of the defendant or where extraordinary circumstances beyond the claimant's control made timely filing impossible. *Harris*, 209 F.3d at 330. Likewise, equitable tolling is inappropriate where the claimant failed to exercise due diligence in preserving her legal rights. *Chao*, 291 F.3d at 283.

Here, Plaintiff has not provided any substantive reasons in her objections to the Report to warrant equitable tolling. (DE 31 at 1.) Instead, Plaintiff has merely alleged that she retained counsel, relied on representation, and filed promptly after learning she could proceed pro se. (*Id.* Section VII.) She also states that she "actively pursued her claims through EEOC proceedings, mediation preparation, and filing in state court." (*Id.* Section VIII.) Plaintiff's assertions of diligence and minimal delay, without more particularized facts, do not warrant equitable tolling.

Nor do Plaintiff's merits-based objections alter the limitations analysis. Even accepting that pro se filings are liberally construed, liberal construction does not excuse compliance with Title VII's filing deadline. Likewise, Plaintiff's contention that discovery is needed on the merits of her claims does not affect the undisputed dates relevant to timeliness: Plaintiff received notice on April 21, 2025, the filing deadline expired on July 21, 2025, and Plaintiff filed suit on July 23, 2025. (DE 29 at 5.)

The result is not altered by the fact that the filing was only two days late. Courts strictly enforce Title VII's 90-day filing requirement, and the Fourth Circuit has held that a Title VII suit filed even one day outside the limitations period is time-barred absent a basis for equitable tolling. *Harvey v. New Bern Police Dept.*, 813 F.2d 652, 653 (4th Cir. 1987). Because Plaintiff has not shown that equitable tolling is warranted, the Court overrules her objections.

## V.    CONCLUSION

After a thorough review of the Report and Recommendation, Plaintiff's objections, Defendant's reply, the record, and the applicable law, the Court overrules Plaintiff's objections (DE 31) and adopts the Report (DE 29). Defendant's Motion to Dismiss (DE 7) is GRANTED as to the entire Complaint.

IT IS, THEREFORE, ORDERED that Plaintiff's claims of hostile work environment, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Florence, South Carolina
May 27, 2026

Joseph Dawson, III
United States District Judge